R. APPERSON'S HEIRS *v.* WM. FULKERSON.

[Abstract Kentucky Law Reporter, Vol. 7—452.]

**Revivor of Action.**
   An order to revive an action, in case of the death of a party to it, can not be made without consent, unless within one year after the time when it could have been first made.

APPEAL FROM LAWRENCE CIRCUIT COURT.

December 3, 1885.

OPINION BY JUDGE PRYOR:

This record has been lost or mislaid for several years, and when examined a reversal must follow because the order of revivor was improperly made. In June, 1871, the death of R. Apperson was suggested and also the death of W. W. Apperson. In May, 1872, or in October, the heirs of R. Apperson filed a response to the rule for revivor, relying on the lapse of time as a bar to a revivor by motion upon mere notice, their ancestor having died in 1863. There was no bill of revivor filed, and yet the order was made reviving the action against the objection of appellants, and the case proceeded to judgment.

The Civ. Code 1876, § 502, expressly provides that an order to revive shall not be made without consent, unless within one year after the time when it could have been first made. The code is imperative, and therefore the judgment must be reversed and remanded for proceedings consistent herewith.

Judgment *reversed.*

*Reid & Stone, for appellant.*

*G. W. Craddock, W. M. Fulkerson, for appellee.*